___ FILED  X LODGED
___ RECEIVED ___ COPY
JUL 3 0 2018
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

X FILED ___ LODGED
___ RECEIVED ___ COPY
MAR 0 2 2020
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

NATALIE B. HUDDLESTON
Arizona State Bar No. 023281
Natalie.Huddleston@usdoj.gov

Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-18-00241-SPL |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| Craig Allen Moore | |
| Defendant. | |

The United States and Defendant Craig Allen Moore agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

   Defendant will plead guilty to two counts:

   - Count One of the Indictment, Possession of a Stolen Firearm, a class C felony in violation of 18 U.S.C. §§ 922(j) & 924(a)(2); and
   - Count One of the Information, Aiding and Abetting the Theft of Public Funds, a class A misdemeanor in violation of 18 U.S.C. §§ 641 and 2.

   Defendant will also admit to the forfeiture allegation in the Indictment.

2. **MAXIMUM PENALTIES**

   a. A felony violation of Possession of a Stolen Firearm under 18 U.S.C. §§ 922(j) & 924(a)(2) is punishable by a maximum fine of $250,000, a maximum term of

SCANNED

imprisonment of 10 years, or both, and a term of supervised release of 3 years. A misdemeanor violation of aiding and abetting the theft of public funds under 18 U.S.C. §§ 641 and 2 is punishable by a maximum fine of $100,000, a maximum term of imprisonment of 1 year, or both, and a term of supervised release of 1 year. The maximum term of probation for either offense is 5 years.

     b.    According to the U.S. Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order Defendant to:

          (1)    make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

          (2)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

          (3)    serve a term of supervised release when required by statute or when a sentence of imprisonment of more than 1 year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

          (4)    pay upon conviction a $100 special assessment for each count to which Defendant pleads guilty pursuant to 18 U.S.C. § 3013.

     c.    The Court is required to consider the Sentencing Guidelines in determining Defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction, unless there are stipulations to the contrary that the Court accepts.

**3.    AGREEMENTS REGARDING SENTENCING**

     a.    Stipulation. Pursuant to Federal of Criminal Procedure 11(c)(1)(C), the parties stipulate that the loss amount for purposes of sentencing shall not exceed the actual loss of $1,000.00 caused by Defendant. The parties further stipulate under Rule 11(c)(1)(C) that Defendant's sentencing will be deferred for a period of 24 months from the date of Defendant's change of plea. During the 24-month period, Defendant agrees to

abide by the following conditions:

    (i) Defendant shall comply with all pre-trial release conditions ordered by the Court and shall submit to and follow a program of supervision as directed by the United States Pretrial Services Office.

    (ii) Defendant shall provide the supervising pretrial officer access to any requested financial information.

    (iii) Defendant shall participate in and complete any drug or alcohol counseling or rehabilitation programs as directed by the supervising pretrial officer.

    (iv) Defendant agrees to make monthly restitution payments in an amount to be determined by the supervising pretrial officer.

During the 24-month period of deferred sentencing, for good cause shown, the Court may modify the terms of supervision under this agreement or, upon a willful violation of the conditions of this agreement, sentence Defendant on both counts of the information. The procedures set forth in Federal Rule of Criminal Procedure 32.1 apply to such action.

If Defendant complies with the conditions of this agreement, including the monthly payment of restitution, he will be allowed to withdraw his guilty plea as to Count 1 of the Indictment (Possession of a Stolen Firearm) and the United States will move to dismiss that count; Defendant will then be sentenced only on Count 1 of the information, a misdemeanor offense.

    b. Restitution. As restitution, Defendant agrees to pay $1,000.00 to the Bureau of Land Management, an amount representing the economic loss caused directly by Defendant.

    c. Assets and Financial Responsibility. Defendant shall make a full accounting of all assets in which Defendant has any legal or equitable interest. Defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). Defendant also expressly authorizes the United States Attorney's Office to

immediately obtain a credit report to evaluate Defendant's ability to satisfy any financial obligation imposed by the Court. Defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of Defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, Defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

    d.    Acceptance of Responsibility. If Defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding Defendant's commission of the offense, and if Defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G.§ 3E1.1(a). If Defendant has an offense level of 16 or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

**4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

    a.    If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give Defendant the opportunity to withdraw the guilty plea in accordance with Federal Rule of Criminal Procedure 11(c)(5).

    b.    If Defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute Defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, Defendant waives any and all objections, motions, and defenses based upon

the statute of limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. Defendant understands that any statements made at the time of Defendant's change of plea or sentencing may be used against Defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Federal Rule of Evidence 410.

6. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

Defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that Defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of Defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion Defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7. **DISCLOSURE OF INFORMATION**

   a.  The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

   b.  Any information, statements, documents, and evidence that Defendant provides to the United States pursuant to this agreement may be used against Defendant at any time.

   c.  Defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by

the U.S. Probation Office including, but not limited to, questions relating to:

  (1)  criminal convictions, history of drug abuse, and mental illness; and

  (2)  financial information, including present financial assets or liabilities that relate to the ability of Defendant to pay a fine or restitution.

**8. FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

 a. Nothing in this agreement shall be construed to protect Defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property Defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

 b. Defendant agrees to forfeit, and hereby forfeits, all interest in any asset that Defendant owns or over which Defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, or which was used to facilitate the commission of his offense. Defendant further agrees to assist the United States in any manner requested in an effort to sell or manage any such property.

 c. Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant further understands and

agrees that forfeiture of the assets is appropriate and in accordance with the applicable forfeiture statutes, which may include 8 U.S.C. § 1324(b), 18 U.S.C. §§ 924(d), 981, 982 and 2253, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c).

    d.    Forfeiture of Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture. This agreement does not preclude the United States from instituting any civil or administrative forfeiture proceedings as may be appropriate now or in the future.

    e.    Defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, double jeopardy or any other means) to any forfeiture imposed as a result of this indictment or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and substitute assets for property otherwise subject to forfeiture, and that no other person or entity has a legitimate claim to these items listed.

    f.    Defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. Defendant further agrees that he/she will not contest civil, administrative or judicial forfeiture of the listed property. Defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding.

    g.    The United States reserves its right to proceed against any remaining assets not identified either in this agreement or in any civil actions which are being resolved along with this plea of guilty, including any property in which Defendant has any interest or

control, if said assets, real or personal, tangible or intangible were involved in the offenses.

    h.    Defendant hereby waives, and agrees to hold the government and its agents and employees harmless from any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above. Without limitation, Defendant understands and agrees that by virtue of this plea of guilty, Defendant will waive any rights or cause of action that the defendant might otherwise have had to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## 9. ELEMENTS

**Possession of a Stolen Firearm, 18 U.S.C. § 922(j) & 924(a)(2)**

Between about October 31, 2010, and November 1, 2017, in the District of Arizona and elsewhere:

1. The defendant knowingly possessed, received, and stored a stolen firearm;
2. The firearm had been shipped or transported from one state to another; and
3. The defendant knew or had reasonable cause to believe that the firearm had been stolen.

**Theft of Public Funds, 18 U.S.C. § 641**

Between about October 31, 2010, and November 1, 2017, in the District of Arizona and elsewhere:

1. Defendant knowingly converted property or money to his own use and the use of another, with the intention of depriving the owner of the property;
2. The money or property belonged to the United States; and
3. The value of the money or property does not exceed $1,000.

## 10. FACTUAL BASIS

Defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

Between about October 31, 2010, and November 1, 2017, I possessed a firearm (to

wit: a Springfield .40 caliber handgun with serial number ending in -2933) that had been seized as evidence and that was previously stolen. I treated and used the firearm as my own, and did not intend to return it to the agency that seized the firearm.

Between about October 31, 2010, and November 1, 2017, I charged purchases to a credit card issued to me by my employer, the Bureau of Land Management, to pay for $1,000 of personal expenses not related to my employment and not authorized by my employer.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt. I also waive any statute of limitations defense that I may have to any act that is included in the indictment or the factual basis to this agreement.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the

Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

7-30-18
Date

Craig Allen Moore
Defendant

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised my client of all matters within the scope of Federal Rule of Criminal Procedure 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have

further discussed the concept of the advisory Sentencing Guidelines with my client. No assurances, promises, or representations have been given to me or to my client by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Federal Rule of Criminal Procedure 11.

7-30-18
Date

Jon M. Sands
Attorney for Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

Elizabeth A. Strange
First Assistant United States Attorney
District of Arizona

7-30-18
Date

Natalie B. Huddleston
Assistant U.S. Attorney

**ACCEPTANCE BY THE COURT**

3/2/2020
Date

Honorable Steven P. Logan
United States District Judge

- 11 -